# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEMARCUS CHAMBERS,** : | |
| : | **Civil No. 1:19-CV-48** |
| Petitioner : | |
| : | (Judge Rambo) |
| v. : | |
| : | (M. J. Carlson) |
| **WARDEN, U.S.P. LEWISBURG,** : | |
| : | |
| Respondent : | |

## REPORT AND RECOMMENDATION

**I.   Statement of Facts and of the Case**

DeMarcus Chambers, a federal prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 which attacks aspects of the sentence imposed upon him by the United States District Court for the Western District of Tennessee in 2009. (Doc. 1.) Thus, while this petition ostensibly challenges his sentence calculation, the gravamen of this alleged sentence calculation error entails a claim that the district court erroneously found Chambers to be a career offender, and erred in concluding that he brandished a firearm during a crime of violence. (Doc. 1.) Such sentencing arguments are uniquely the province of the sentencing court for consideration through a motion to vacate or correct sentence under 28 U.S.C. §2255. Chambers, however, alleges that he has failed to timely bring a §2255

motion before the sentencing court, and urges us instead to consider the merits of these arguments through a habeas corpus petition brought pursuant to 28 U.S.C. §2241.

We should decline this invitation. Our screening review of this case leaves us convinced that this matter is not appropriately brought as a habeas petition under 28 U.S.C. § 2241, but rather should be addressed in the Western District of Washington as a petition under 28 U.S.C. §2255. Therefore, while we will grant Chambers leave to proceed *in forma pauperis*, (Doc. 2), we recommend that this petition either be dismissed or transferred to the Western District of Tennessee for consideration as a motion to correct sentence under 28 U.S.C. § 2255.

## II. Discussion

### A. This Petition Should Be Transferred to the Sentencing Court

In this case, we find that the petitioner has not made out a valid case for pursuing habeas relief in this district in lieu of a motion to correct sentence filed in the district of conviction under 28 U.S.C. § 2255. This showing is a prerequisite for a successful habeas petition in this particular factual context. Therefore, since the petitioner has not made a showing justifying habeas relief at this time, this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (Rule 4 applies

to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts).   See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Summary dismissal of this habeas petition, which seeks to correct a federal prisoner's sentence, is appropriate here since it is well-settled that: "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a sentence, is by way of a motion filed under 28 U.S.C. § 2255.   In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).   See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). It is now clearly established that Section 2255 specifically provides the remedy to

federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. See Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). Indeed it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)). Instead, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. See Davis v. United States, 417 U.S. 333, 343 (1974). Thus, federal inmates who wish to challenge the lawfulness of their sentences must typically file motions with the sentencing court under § 2255.

This general rule admits of only one, narrowly-tailored, exception, albeit an

exception that has no application here. A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)).

Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, *the one-year statute of limitations has expired*, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539 (emphasis added). In short, Chambers may not avoid the necessity of pursuing relief under §2255 by merely contending as he does in this petition that he was delinquent and tardy in filing for post-conviction relief. Furthermore, if a petitioner improperly challenges a federal

conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction.   Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that the petitioner makes in his petition simply do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of the petitioner's claims fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255.   In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal.   Dorsainvil, 119 F.3d at 251. On its face, this petition simply does not demonstrate that this narrow exception has any legitimate application to the instant proceedings. Chambers is not alleging that this case entails matters which an intervening change in substantive law has made no longer criminal.   Dorsainvil, 119 F.3d at 251. Quite the contrary, the firearms and robbery offenses for which Chambers was convicted remain as illegal today as they were when the petitioner was convicted of these crimes. Therefore, the Dorsainvil exception, under which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255, simply has no application to this case.   Instead, the petitioner's

current § 2241 petition seems explicitly premised on a notion of judge-shopping, a desire to litigate claims in a different forum. Such a claim is plainly inadequate as an excuse for foregoing the proper course of litigating collateral challenges to a petitioner's federal conviction, and therefore this request must be rejected by this court. Manna v. Schultz, 591 F.3d 664 (3d Cir. 2010).

Nor can Chambers belatedly secure relief under § 2241, after having been denied relief under § 2255, by asserting that, while guilty of these offenses, he is "actually innocent" of the sentencing enhancements imposed by the court. Such arguments, while frequently made by federal inmates, are rarely embraced by the courts. Indeed, courts, including this Court, have repeatedly rebuffed efforts by prisoners to use § 2241 to by-pass the requirements of § 2255 based upon claims of "actual innocence" which relate solely to the application of some sentencing enhancement. See, e.g., Montes v. Holt, 179 F.App'x 824 (3d Cir. 2006); Sines v. Wilner, No. 09-1240, 2009 WL 2365406 (D. Colo. July 31, 2009); Kennedy v. Miner, No. 06-314, 2006 WL 2645148 (M.D.Pa. Sept. 14, 2006). Therefore, these representations are simply insufficient to persuade the Court that 28 U.S.C. § 2255 is either ineffective or inadequate to enable Chambers to test the legality of this aspect of his sentence.

Furthermore, this is a case where consideration of Chambers' claims by the sentencing court is particularly appropriate for a host of reasons. First, these claims

may entail development of a factual record. In addition, resolution of these claims may have an obvious impact any victims. Federal law gives these victims the right to attend court proceedings, and that right could be more meaningfully exercised in the court of conviction, rather than some remote federal district court far removed from the scene of this crime.

Recognizing that this matter is not appropriately brought before this court, the petition should either be dismissed or transferred to the Western District of Tennessee, so the sentencing district court may consider this petition. While both courses–dismissal or transfer–are available to this court, we recommend the transfer of this case to the court of conviction. In making this recommendation, we note that federal habeas corpus proceedings are essentially civil proceedings, and as such are governed by the statutes and rules which apply generally to civil litigation. Thus, such petitions are also subject to the general rules governing venue in civil litigation, including title 28 United States Code § 1404(a), which states as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."

Adhering to this familiar principle, we observe that when courts in this district have been confronted by habeas petitions, like the petition lodged here, which challenge aspects of a sentence imposed by another federal district court, they have

often relied upon §1404 to order the transfer of the petition to the sentencing court for its consideration. In reaching this result we have observed that:

> The Court may apply "traditional venue considerations," including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Indeed, this Court has followed this course of action in other cases where an inquiry into the sentencing court's intent was necessary to properly dispose of a petition. . . . . See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, at *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, at *4 (M.D.Pa. April 14, 2008) (Munley, J.) (citing Verissimo v. INS, 204 F.Supp.2d 818, 820 (D.N.J.2002) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir.1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records.").

Stover v. Sniezek, No. 1:10-CV-1213, 2010 WL 3220318, *4 (M.D.Pa. Aug. 12 2010)(Jones, J.); see also Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, *4 (M.D.Pa. April 14, 2008) (Munley, J.).

In this case, the prerequisites for a transfer of this matter to the Western District of Tennessee pursuant to 28 U.S.C. §1404 are fully satisfied. At the outset, it is apparent that this venue is another district where this claim might have been brought through a motion under 28 U.S.C. §2255. Indeed, the Western District of

Tennessee is the most appropriate venue for this particular challenge to Chambers' conviction and sentence.

It is also evident that the second prerequisite for a transfer order is present here: A transfer of this action would serve: "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C. §1404(a). As we have previously noted when transferring other petitions to the sentencing district:

> Because the District Court . . . sentenced the petitioner, the events material to the case took place in that district. In addition, the court in that district has access to the evidence that led the court to make its sentencing . . . determination and can best access any witnesses necessary to investigate the case. The interests of judicial efficiency and economy would best be served by transferring the case to the [sentencing court].

Gardner v. Williamson, supra, 2008 WL 1752229, at *4.

Finally, we note that an order transferring this case to the sentencing district for further proceedings also protects the petitioner's rights as a *pro se* litigant. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have his case heard on its merits in the most appropriate forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an

10

adjudication upon the merits") (footnote omitted).

In sum, the petitioner invites this court under the guise of a habeas petition to do something which the sentencing court has not been given the opportunity to do–set aside his conviction and sentence. We should decline this invitation, given that Chambers has made not made a sufficient showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence, and that the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, this Court should either dismiss or transfer this petition pursuant to 28 U.S.C. § 1404, so that court may address the merits of these claims.

### III. Recommendation

Accordingly, for the foregoing reasons, while we will grant the petitioner leave to proceed *in forma pauperis*, (Doc. 2) IT IS RECOMMENDED that this Court either dismiss or transfer this petition to the United States District Court for the Western District of Tennessee pursuant to 28 U.S.C. § 1404, so that court may address the merits of these claims.

Petitioner is placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party

shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 6th day of February 2019.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge
